UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT JAMES SPEARS,

    Petitioner,

v.                                     Case No: 2:17-cv-632-FtM-29MRM
                                         Case No. 2:92-CR-12-FTM-29DNF

UNITED STATES OF AMERICA,

    Respondent.
_____

**OPINION AND ORDER**

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #61)[1] filed on November 17, 2017. The government filed a Response in Opposition to Motion (Cv. Doc. #9) on May 25, 2018.

**I.**

On February 12, 1992, petitioner was indicted for possession with intent to distribute in excess of 50 grams of crack cocaine. On April 14, 1992, petitioner entered a plea of guilty, without a plea agreement, to Count One of the Indictment. On July 15, 1992, petitioner was sentenced to 135 months of imprisonment with credit for time served followed by a term of supervised release. (Cv.

---

[1]The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Doc. #9-3.) July 9, 1993, petitioner's sentence was reduced to 78 months pursuant to the government's Motion under Rule 35. (Cv. Doc. #9, ¶¶ 1-4.)

On January 17, 2002, U.S. Probation submitted a Petition for warrant based on petitioner having committed home invasion/robbery, burglary of an occupied dwelling, and resist/obstruct officer without violence. (Cv. Doc. #9-5.) The Court granted the petition for the issuance of a warrant for violation of supervised release. (Cr. Doc. #37.) A Writ was issued as petitioner remained in state custody, and petitioner made an initial appearance on February 12, 2003. (Cr. Docs. ## 45, 47.) On March 25, 2003, the Court conducted the final revocation hearing. (Cr. Doc. #57.) Supervised release was revoked, and petitioner was sentenced on March 26, 2003, to 27 months incarceration to be served consecutively to the state sentence which petitioner was presently serving. No additional term of supervised release was imposed. (Cr. Doc. #60.)

Petitioner filed his motion pursuant to 28 U.S.C. § 2255 on November 16, 2017, alleging that the Court acted under the mistaken assumption that term had to be imposed consecutively to the 25 years imposed by the state court. Petitioner seeks to have the sentence be imposed concurrently to the state sentence.

**II.**

**A. Need For Evidentiary Hearing**

A district court shall hold an evidentiary hearing on a habeas petition "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. . . ." 28 U.S.C. § 2255(b). "[I]f the petitioner alleges facts that, if true, would entitle him to relief, then the district court should order an evidentiary hearing and rule on the merits of his claim." Aron v. United States, 291 F.3d 708, 714-15 (11th Cir. 2002) (citation omitted). Viewing the facts alleged in the light most favorable to petitioner, the record establishes that petitioner is not entitled to relief, and therefore an evidentiary hearing is not required.

**B. Custody Under § 2255**

Pursuant to Section 2255,

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). According to Florida's Department of Correction's Offender Database, petitioner is currently in their custody with a current projected release date of November 19, 2026.

A United States Marshal detainer has been lodged pending completion of that sentence. Petitioner received a 25 year state prison sentence on January 31, 2003, and the detainer has been in place since May 15, 2003. Petitioner can attack "a federal sentence, yet to be served, while defendant is in custody completing a state sentence" even if not physically in custody. <u>Desmond v. U.S. Bd. of Parole</u>, 397 F.2d 386, 389 (1st Cir. 1968). Therefore, the Court finds that petitioner can meet the "in custody" requirement to attack his sentence under Section 2255.

**C. Timeliness of § 2255 Motion**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of the following four triggering events to file a Section 2255 Motion:

> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).  Giving petitioner the benefit of the mailbox rule[1], the motion under § 2255 was placed into the prison mail system on or about November 13, 2017.  (Cv. Doc. #1.)  The revocation judgment was issued on March 26, 2003.  As a result, the motion is untimely from the date of the revocation judgment, and the motion is due to be dismissed as untimely.  28 U.S.C. § 2255(f)(1).

**D. Procedural Default**

Where an issue which could have been raised on appeal is not pursued, it will not be considered in a § 2255 proceeding absent a showing of cause and actual prejudice from the errors of which she complains, or actual innocence.  Bousley v. United States, 523 U.S. 614, 622 (1998); United States v. Frady, 456 U.S. 152, 167-68 (1982); Mills, 36 F.3d at 1055.  Cause for a procedural default may be established if petitioner can show that "some objective factor external to the defense impeded counsel's efforts to comply with the [ ] procedural rule," or that his attorney's performance failed to meet the Strickland standard for effective assistance of

---

[1] "[A] prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison authorities for mailing."  Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (citation omitted).

counsel.  Murray v. Carrier, 477 U.S. 478, 488 (1986); Reece v. United States, 119 F.3d 1462, 1465 (11th Cir. 1997).

In this case, the argument was available at the time of the judgment but petitioner did not appeal the final revocation. Even if petitioner could argue prejudice because the sentences are consecutive, he must also show cause and is unable to do so. Petitioner has not argued that an external factor impeded counsel, nor has petitioner established that is attorney was ineffective. For these reasons, petitioner is procedurally defaulted from bringing a motion for collateral relief.

**E. Merits**

Petitioner argues that the district court "acted under assumption to the guidelines that it use factors by states convictions only advisory and court listed those additional factors under 18 U.S.C. § 3553(A) that this court used to determine" his consecutive sentence. (Cv. Doc. #1, p. 3.)

At the time of the hearing, petitioner was reported as being a constant supervision problem with numerous arrests. The Court was provided an option to revoke petitioner's supervised release. Petitioner was charged with a grade "A" Violation, which requires revocation and the imposition of a term of custody. U.S. Sentencing Guidelines Manual § 7B1.1(a)(1); § 7B1.3(a)(1). In this case, the guideline range was 27 months to 33 months of imprisonment.

> Any term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release.

U.S. Sentencing Guidelines Manual § 7B1.3(f). See also United States v. Flowers, 13 F.3d 395, 397 (11th Cir. 1994) (Noting that "the policy favoring imposition of consecutive sentences in cases of violation of release, [ ] governs."). Nothing in the record supports petitioner's argument that the Court would have imposed a concurrent sentence. As petitioner notes, the relevant § 3553 factors were considered in imposing the sentence, the sentence imposed was within the guideline range, and there is no plain error in imposing a consecutive sentence. The motion is alternatively denied on the merits.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1. Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #61) is **DISMISSED** for the reasons state above, or alternatively is **DENIED** on the merits.

2. The Clerk of the Court shall enter judgment accordingly and close the civil file. The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.** A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009). "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(B)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve encouragement to proceed further," Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)(citations omitted). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this __14th__ day of June, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Petitioner
AUSA